**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50309 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00527-JAK-1 |
| v. | |
| JUAN CARLOS SIERRA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted February 12, 2021**
Pasadena, California

Before: TALLMAN, CALLAHAN, and LEE, Circuit Judges.

Juan Carlos Sierra ("Sierra") appeals the district court's denial of his motion

to dismiss his indictment for illegal reentry into the United States by a deported

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

alien in violation of 8 U.S.C. § 1326.[1]  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"We review de novo the district court's denial of a motion to dismiss an 8 U.S.C. § 1326 indictment when the motion to dismiss is based on alleged due-process defects in the underlying deportation proceeding.  To prevail on such a motion, [Defendant] must establish that defects in the deportation proceeding violated his due-process rights and that he suffered prejudice as a result of those defects."  *United States v. Moriel-Luna*, 585 F.3d 1191, 1196 (9th Cir. 2009) (internal citations omitted).

Sierra contends that the immigration judge ("IJ") violated due process by moving forward with proceedings when Sierra requested additional time to secure counsel.  Sierra argues that the IJ should have granted the request because he, a Spanish-speaker, expressed confusion during the proceedings and needed more time to secure the funds necessary to hire an attorney.  However, Sierra's hearing had already been continued three times over a period of about nine months to allow Sierra an opportunity to locate counsel.  In addition, the IJ warned Sierra at the penultimate hearing that his case would proceed at the next scheduled hearing with or without counsel.  Given these circumstances, the IJ did not violate due process

---

[1]     Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

by refusing to grant a fourth continuance. *See, e.g., Vides–Vides v. I.N.S.*, 783 F.2d 1463, 1469–70 (9th Cir. 1986) (finding that "failure to obtain counsel after four months and two continuances makes apparent that [petitioner] simply was unable to secure counsel at his own expense [and] the IJ had no option but to proceed").[2]

**AFFIRMED**.

---

[2]   Because we find that Sierra was not denied due process by the IJ's denial of a fourth continuance, we need not determine whether he suffered any prejudice from the denial.